# Standard Agreement to Sell Real Estate

PARTIES: **Gary McLaughlin** as Seller, and **As Is Construction & Development LLC**, and/or assigns, as Buyer, hereby agrees that the Sellers shall sell and Buyer shall buy the following legally described property.

I.     DESCRIPTION:
   i. Legal description of real estate
   **4727 Griscom St Phila Pa 19124**
   ii. Folio Number **23 245 1000**
   iii. Personal property including all buildings and improvements on the property and all rights, title and interest of Seller in and to adjacent streets, roads, alleys and rights-of-way.

II.     PURCHASE PRICE: $ **65,000**
PAYMENT:
   i. Cash Deposit to be held in escrow by buyer elected title company, in the amount of $ **500.00** (see Page 6 for title company names, addresses, and contact)
   ii. Title company to be: **Prosperity Abstract**
   iii. Cash, certified or local cashier's check on closing and delivery of deed, subject to adjustments and proration: $ **500.00**

III.     TIME FOR ACCEPTANCE AND EFFECTIVE DATE: If this offer is not executed by both of the parties hereto on or before **11-29-21** this offer shall thereafter be null and void. The date of Contract shall be the date when the last one of the Seller and Buyer has signed this offer.

IV.     CLOSING DATE: This transaction shall be closed and the deed and other closing papers delivered on **1-28-22** unless extended by other provisions of Contract, or by written agreement of the Parties.

V.     RESTRICTIONS, EASEMENTS, and LIMITATIONS: The Buyer shall take title subject only to: Zoning, restrictions, prohibitions and other requirements impose by governmental authority; Restrictions and matters appearing on the plat or otherwise common to the subdivision; Public utility easements of record; Taxes year of closing and subsequent years.

Buyer Initials: _AC_      Seller Initials: _GVM_

VI.     OCCUPANCY: Seller will deliver occupancy upon settlement. Seller acknowledges no parties currently residing in premise.

VII.     ASSIGNABLE: Buyer may assign this Contract.

VIII.     **TYPEWRITTEN OR HANDWRITTEN PROVISIONS: Typewritten or handwritten provisions inserted herein or attached hereto as Addenda shall control all printed provisions in conflict therewith.**

IX.     EVIDENCE OF TITLE: Within five days from the date hereof, Buyer, at Buyer's sole cost and expense, shall cause a title insurance company to issue and deliver an ALTA Form B title commitment accompanied by one copy of all documents affecting the Property, and which constitute exceptions to the Title Commitment. Buyer shall give Seller written notice on or before twenty days from the date of receipt of the Title Commitment, if the condition of title as set forth in such Title Commitment and survey is not satisfactory in Buyer's sole discretion. In the event that the condition of title is not acceptable, Buyer shall state which exceptions to the Title Commitment are unacceptable. Seller shall, at its sole cost and expense promptly undertake and use its best efforts to eliminate or modify all unacceptable matters to the reasonable satisfaction of Buyer. In the event Seller is unable with the exercise of due diligence to satisfy said objections within thirty days after said notice, Buyer may, at its option: (i) extend the time period for Seller to satisfy said objections, (ii) accept title subject to the objections raised by Buyer, without an adjustment in the purchase price, in which event said objections shall be deemed to be waived for all purposes, or (iii) rescind this Agreement, whereupon the deposit described herein shall be returned to Buyer and this Agreement shall be of no further force and effect.

X.     LIENS: Seller shall, both as to the Property and personally being sold hereunder, furnish to Buyer at time of closing an affidavit attesting to the absence, unless otherwise provided for herein, of any financing statements, claims of lien or potential liens known to Seller and further attesting that there have been no improvements to the Property for ninety days immediately preceding date of closing.

XI.     PLACE OF CLOSING: Closing shall be held at Buyer elected title company.

XII.     TIME: Time is of the essence of this Contract. Any reference herein to time periods of less than six days shall in the computation thereof, exclude Saturdays, Sundays and legal holidays, and any time period provided for herein which shall end on a

2 Buyer Initials _/AC/_           Seller Initials _SVM_

Saturday, Sunday or legal holiday shall extend to 5:00 p.m. of the next business day.

XIII. DOCUMENTS FOR CLOSING: Seller shall furnish deed, closing statement, mechanic's lien affidavit, assignments of leases, and any corrective instruments that may be required in connection with perfecting the title.

XIV. EXPENSES: ~~Buyer & Seller shall pay their own portion of transfer tax & Buyer shall pay all other closing costs.~~ Buyer pays all closing costs and transfer

XV. PRORATION OF TAXES: Taxes for the year of the closing shall be prorated to the date of closing. If the closing shall occur before the tax rate is fixed for the then current year, the apportionment of taxes shall be upon the basis of the tax rate of the preceding year applied to the latest assessed valuation. Subsequent to the closing, when the tax rate is fixed for the year in which the closing occurs, Seller and Buyer agree to adjust the prorating of taxes and, if necessary, to refund or pay, as the case may be, an amount necessary to effect such adjustments. This provision shall survive closing.

XVI. RISK OF LOSS: Seller bears the risk of loss from fire or other casualties until Closing. If any property included in this sale is destroyed and not replaced prior to settlement, Buyer will:
1. Accept the Property in its then current condition together with the proceeds of any insurance recovery obtainable by Seller, OR
2. Terminate this Agreement by written notice to Seller, with all deposit monies returned to Buyer.

XII. MAINTENANCE: Notwithstanding the provisions of Paragraph XVI, between Effective Date and Closing Date, all personal property on the premises and real property, including lawn and shrubbery, shall be maintained by Seller in the condition they existed as of Effective Date, ordinary wear and tear excepted, and Buyer or Buyer's designee will be permitted access prior to closing in order to confirm compliance with this standard and arrange contractor bids, drawings, photos, and any necessary permit applications.

XVIII. PROCEEDS OF SALE AND CLOSING PROCEDURE: The deed shall be recorded upon clearance of funds and evidence of title continued at Buyer's expense, to show title in Buyer, without any encumbrances or change which would render Seller's title unmarketable from the date of the last evidence, and the cash proceeds of sale shall be disbursed by escrow agent on the date of settlement.

XIX. ESCROW: Any escrow agent receiving funds is authorized and agrees by acceptance

thereof to promptly deposit and to hold same in escrow and to disburse same subject to clearance thereof in accordance with terms and conditions of Contract. Failure of clearance of funds shall not excuse performance by the Buyer.

XX. ATTORNEY FEES AND COSTS: In connection with any litigation including appellate proceedings arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs.

XXI. DEFAULT BY SELLER: In the event that Seller should fail to consummate the transaction contemplated herein for any reason, except Buyer's default or as provided in XVI.: (i) Buyer may enforce specific performance of this Agreement in a court of competent jurisdiction and in such action shall have the right to recover damages suffered by Buyer by reason of the delay in the acquisition of the Property, or (ii) may bring suit for damages for breach of this Agreement, in which event, the deposit made hereunder shall be forthwith returned to Buyer, or (iii) declare a default, demand and receive the return of the deposit.

XXII. DEFAULT BY BUYER: In the event Buyer should fail to consummate the transaction contemplated herein for any reason, except default by Seller or the failure of Seller to satisfy any of the conditions to Buyer's obligations, as set forth herein, Seller shall be entitled to retain the earnest money deposit, such sum being agreed upon as liquidated damages for the failure of Buyer to perform the duties and obligations imposed upon it by the terms and provisions of this Agreement and because of the difficulty, inconvenience and uncertainty of ascertaining actual damages, and no other damages, rights or remedies shall in any case be collectible, enforceable or available to Seller other than as provided in this Section, and Seller agrees to accept and take said deposit as Seller's total damages and relief hereunder in such event.

XXIII. EXTENSION OPTION. Notwithstanding Section XXII above, Buyer shall have the option ("Extension Option") to extend the Initial Scheduled Closing Date for an additional thirty (30) days ("Rescheduled Closing Date"), in Buyer's sole and absolute discretion, by providing written notice to Seller of such election no later than five (5) days prior to the Initial Scheduled Closing Date, for reasons including but not limited to: Seller title remedies, bank payoffs, township certifications, etc.

XXIV. BOUND AND NOTICE: This Contract shall bind and inure to the benefit of the Parties hereto and their successors in interest. Whenever the context permits, singular shall include plural and one gender shall include all. Notice given by or to the attorney for either party shall be as effective as if given by or to said party.

Buyer Initials _____    Seller Initials _____

XXV. **CONVEYANCE:** Seller shall convey title to the Property by warranty deed subject only to matters contained in Paragraph V hereof and those otherwise accepted by Buyer. Personal property shall, at the request of Buyer, be conveyed by an absolute bill of sale with warranty of title, subject to such liens as may be otherwise provided for herein.

XXVI. **DISCLOSURE:** Buyer is purchasing property from seller to rehab, and/or rent, and/or resell or assign property, with the intent to speculate for a profit. Buyer may market the property on the MLS (Multiple Listing Service) prior to closing.

XXVII. **PENDING LITIGATION:** Seller warrants and represents that there are no legal actions, suits or other legal or administrative proceedings, including cases, pending or threatened or similar proceedings affecting the Property or any portion thereof, nor has Seller knowledge that any such action is presently contemplated which might or does affect the conveyance contemplated hereunder.

XXVIII. **OTHER AGREEMENTS:** No prior or present agreements or representations shall be binding upon any of the Parties hereto unless incorporated in this Contract. No modification or change in this Contract shall be valid or binding upon the Parties unless in writing, executed by the Parties to be bound thereby.

XXIX. **RIGHT TO SHOW:** Buyer reserves the right to show property prior to settlement for reasons including contractor's estimations & funding partner(s).

XXX. **MARKETING OF THE PROPERTY FOR SALE.** During the term of this agreement, Seller shall not market or offer the Property for sale to any other party, entertain unsolicited offers for hte Property, or continue any negotiations for the sale of the Property to any other potential purchaser

XXXI. **CONDITION OF IMPROVEMENTS:** Property shall be purchased as is. Buyer is responsible for obtaining U & O, and all related repairs.

_[signature]_  
Buyer  

11-29-21  
Date  

_[signature]_  
Seller  

11-29-21  
Date  

5 Buyer Initials _[initials]_         Seller Initials _[initials]_

# Authorization to Release Information

**Creditor:** _____

**Account or Lien Number:** _____

**Debtor:** _____

**Debtor #2:** _____

**Property Address:** _____

I hereby authorize **Prosperity Abstract** and/or their employees to perform the following tasks necessary to complete my real estate transaction.

- Order Use & Occupancy Certification (when required)
- Order tax certifications
- Order water/sewer certifications and payoffs
- Order Domestic Relations Certificate (when required)
- Order Payoff/Satisfaction of mortgage/home equity loan or any other misc. judgments
- Discuss account and payoff information with creditors, mortgagors, attorneys, etc.
- Perform additional tasks necessary to complete processing
- Order Owner's Title Insurance Policy

Gary M Laughlin
**Name**

_[signature]_
**Signature**

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
**Social Security Number**

Aug 03, 1971
**Birth Date**

_____
**Name**

_____
**Signature**

_____
**Social Security Number**

_____
**Birth Date**

36 N. 3rd St.
Philadelphia, PA 19106
(O) 888-808-2488 / (F) 866-391-1986
kelliann@ProsperityAbstract.com